EXPORT TRUCKING CO. v. G. W. SHELDON & CO.

(Supreme Court, Appellate Term.   November 5, 1909.)

1. ACCOUNT STATED (§ 5*)—NATURE OF TRANSACTION—STIPULATION.

A stipulation that on a specified date there was an open account between plaintiff and defendant, showing credits to plaintiff for trucking done for defendant to the amount of $364.65, and that on that date defendant debited plaintiff's account with an equal sum, constituted only an admission that there was an open account, and did not amount to an "account stated."

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 16–29; Dec. Dig. § 5.*

For other definitions, see Words and Phrases, vol. 1, pp. 93–98; vol. 8, p. 7561.]

2. STIPULATIONS (§ 14*)—CONSTRUCTION.

Prior to trial the parties stipulated that on a specified date there was an open account between plaintiff and defendant, showing credits to plaintiff for trucking done for defendant in the sum of $364.65, and that on that date defendant debited plaintiff's account with the same amount. *Held,* that the stipulation was equally available to both plaintiff and defendant as an admission, and, as so construed. was insufficient to establish a cause of action or defense in favor of either party.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. § 34; Dec. Dig. § 14.*]

Dayton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Export Trucking Company against G. W. Sheldon & Co.   On reargument of an appeal by defendants from a judgment for plaintiff.   Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Henry W. Rudd, for appellants.
Tipple & Plitt, for respondent.

PER CURIAM.   The complaint in this action originally was for work, labor, and services; the defense, a general denial and plea of payment.   When the case was reached for trial, a stipulation, signed by the attorneys for the respective parties, was filed, which stipulation, omitting its title, reads as follows:

"It is hereby stipulated and agreed by and between the attorneys for the respective parties hereto, for the purposes of the trial of the above-entitled action: That on the 2d day of July, 1906, there was an open account between plaintiff and defendants, showing credits to the plaintiff for trucking done by it for the defendants.   On the 1st day of July, 1906, that account showed a credit in favor of plaintiff for at least the sum of $364.65.   That on the 2d day of July, 1906, defendants debited plaintiff's account with the sum of $364.65."

After this stipulation was filed, the plaintiff moved to amend its complaint to show:

"That on or about July 2, 1906, an account was stated between the plaintiff and the defendants, and at such accounting it was shown that the defendants were indebted to the plaintiff in the sum of $364.65."

Although the defendants objected to this amendment being made, they did not claim surprise, and the case proceeded to trial. The president of the plaintiff testified that the defendants had paid the plaintiff no money on account of the $364.65, and that was substantially all the testimony given by the plaintiff to sustain the allegations of either the complaint as originally made or the amended complaint. The defendants attempted to give, and gave, some testimony tending to show that the plaintiff had, while doing some trucking for them, obtained a case of goods from the steamer Campania for delivery to the Lehigh Valley Railroad Company, which case was never delivered by plaintiff to the railroad company, and for the loss of which defendants paid a sum equal to the sum of $364.65. What connection the defendants had with the Lehigh Valley Railroad Company was not shown, nor why the defendants were obligated to pay that company for goods lost by the plaintiff does not appear. Some evidence tending to show that the plaintiff, whom they engaged to do the defendants' trucking business, agreed to become responsible for any loss occasioned by it, was offered by the defendants, but refused by the trial justice, on the objection of plaintiff's counsel.

As before stated, the plaintiff offered no testimony whatever in support of its original claim for work, labor, and services, and relied wholly upon the legal effect of the stipulation above quoted as constituting "an account stated." In this it is in error. At most it was a mere admission on the part of the defendants that on July 2, 1906, "there was an open account," which is far from being an account stated between plaintiff and defendants, and that such account showed a credit in favor of plaintiff of at least $364.65, and that on that day the defendants "debited" or charged to plaintiff the sum of $364.65; the whole effect of the stipulation being that, so far as the account between the plaintiff and defendants stood on July 2, 1906, the credit and debit were exactly the same. The stipulation, at most, was an admission on the part of the defendants; and, if the plaintiff relies upon that admission as sustaining its cause of action upon either its original or amended complaint, such admission is equally available to the defendants, as showing that the plaintiff admitted a charge against it of an amount equal to the plaintiff's credit. The admission, if taken at all, must be taken as a whole. Viewed in that way, it proves nothing. As the record now stands, the plaintiff proved no cause of action against the defendants, and the defendants failed to show that the plaintiff was liable to the defendants by reason of any goods lost by it. There should, therefore, be a new trial.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.

DAYTON, J. (dissenting). No counterclaim was pleaded, and yet considerable testimony was taken as to a lost package, without showing plaintiff's liability therefor. The stipulation is to the effect that, before this action was brought, the parties found a credit in plaintiff's favor in the amount sued for and a debit for the same sum against it. It appears, however, that this debit was made without plaintiff's consent, and was claimed in part payment, or offset, for the "lost package."

Though not pleaded, that question was litigated unsuccessfully by the defendants. The admission that $364.65 was due plaintiff was unchallenged, and thus plaintiff was entitled to recover.

It seems to me that our former conclusion was correct, and that the judgment should be again affirmed, with costs.